# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. MCCALLUM,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant. | Case No.  1:15-cv-00356-WBS-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED, WITHOUT LEAVE TO AMEND<br><br>ECF NO. 1<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

Plaintiff Mack A. McCallum ("Plaintiff") filed the complaint in this action on March 6, 2015.  For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and should be dismissed without leave to amend.

## I.

## SCREENING

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion.[1]  Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d

---

[1] Through these Findings and Recommendations, the Court gives Plaintiff notice of its intention to dismiss.  Plaintiff has an opportunity to submit a written memorandum in opposition by filing objections to these Findings and Recommendations.

1   986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)).  Under Rule 8(a), a
2   complaint must contain "a short and plain statement of the claim showing that the pleader is
3   entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not
4   require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-
5   unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
6   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient
7   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id.
8   (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely
9   consistent with' a defendant's liability . . . 'stops short of the line between possibility and
10  plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).  Further, although
11  a court must accept as true all factual allegations contained in a complaint, a court need not
12  accept a plaintiff's legal conclusions as true.  Id.  "Threadbare recitals of the elements of a cause
13  of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550
14  U.S. at 555).

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff names the State of California as defendant in this action.  Plaintiff contends that California's Megan's law violates his constitutional rights because it is an Ex Post Facto law. Plaintiff contends that he should no longer be subjected to the negative impact associated with his registration as a sex offender because his conviction was expunged pursuant to California Penal Code § 1203.4.

## III.

## DISCUSSION

### A. Res Judicata

As an initial matter, the Court notes that Plaintiff's claim in this action is identical to the claim Plaintiff raised in Mack A. McCallum v. State of California, Case No. 1:14-cv-00284-LJO-SAB ("2014 Action").  Plaintiff filed the complaint in the 2014 Action on February 26, 2014 and the Court dismissed those claims for failure to state a claim on March 28, 2014.

1    "'The doctrine of res judicata provides that a final judgment on the merits bars further
2    claims by parties or their privies based on the same cause of action,' and 'is central to the
3    purpose for which civil courts have been established, the conclusive resolution of disputes within
4    their jurisdiction.'" Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1051-52 (9th Cir.
5    2005) (quoting In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)). "The elements necessary to
6    establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3)
7    privity between parties.'" Id. at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l
8    Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)).

9    Here, this action presents identical claims involving the same parties as Plaintiff's 2014
10   Action. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-1202 (9th Cir. 1982)
11   (discussing factors court considers in determining identity of claims). There was a final
12   judgment on the merits in the 2014 Action. See Stewart v. U.S. Bancorp., 297 F.3d 953, 957
13   (9th Cir. 2002) (dismissal for failure to state a claim is a "judgment on the merits" to which res
14   judicata applies). There was privity between the parties, as the parties in both actions are
15   identical. Accordingly, the doctrine of res judicata bars Plaintiff from re-litigating the claims
16   dismissed in the 2014 Action.

17   **B.     Ex Post Facto Claims**

18   Even if the doctrine of res judicata did not apply, the Court finds that Plaintiff fails to
19   state any cognizable claims in this action. Plaintiff claims that California's Megan's law violates
20   the ex post facto clause of the United States Constitution. "The States are prohibited from
21   enacting an ex post facto law." Garner v. Jones, 529 U.S. 244, 249 (2000) (citing U.S. Const.,
22   Art I, § 10, cl. 1). The Ex Post Facto Clause bars enactments which, by retroactive operation,
23   increase the punishment for a crime after its commission. Id. (citing Collins v. Youngblood, 497
24   U.S. 37, 42 (1990)). "[T]wo critical elements must be present for a criminal or penal law to be
25   ex post facto: it must be retrospective, that is, it must apply to events occurring before its
26   enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S.
27   24, 29 (1981) (citing Lindsey v. Washington, 301 U.S. 397, 401 (1937)).
28   / / /

As a general proposition, sex offender registration laws do not violate the Ex Post Facto Clause.  See Smith v. Doe, 438 U.S. 84, 105-106 (2003) (holding that Alaska's sex offender registration laws do not violate the Ex Post Facto Clause); Hatton v. Bonner, 356 F.3d 955, 967 (9th Cir. 2003) (California's sex offender registration scheme does not violate Ex Post Facto Clause).  Plaintiff's complaint fails to allege any facts that raise a new or different challenge to California's sex offender registration scheme that has not already been rejected by the United States Supreme Court or the Ninth Circuit.  Accordingly, his claim is not cognizable.

Plaintiff cites California Penal Code § 1203.4 in his complaint, which provides for a process to expunge criminal convictions.  Although unclear, presumably Plaintiff is attempting to raise an ex post facto challenge to subsequent amendments which require sex offenders to register irrespective of whether their conviction has been expunged pursuant to Section 1203.4.  See Cal. Penal Code § 290.007 ("Any person required to registered ... shall register ... regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4....").  These changes to California's sex offender registration scheme do not violate the Ex Post Facto Clause. See U.S. v. Hardeman, 704 F.3d 1266, 1268 (9th Cir. 2013) ("...those laws, standing alone, do not violate ex post facto principles [because] registration itself is not considered punitive."); see also People v. Acuna, 77 Cal. App. 4th 1056, 1060 (2000) (amendments to Section 1203.4 prohibiting expungement of sex offense did not constitute ex post facto law).

Based upon the foregoing, the Court finds that Plaintiff fails to state any cognizable claims.

**C.     Dismissal Without Leave to Amend**

Normally, leave to amend should be granted upon dismissal of a complaint with "extreme liberality."  Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009).  Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.  Id.

The Court finds that it is clear that Plaintiff's complaint cannot be saved by any amendment.  Plaintiff's ex post facto challenges to California's sex offender registration scheme are not cognizable by clearly established law.  Therefore, the Court recommends that Plaintiff's

4

claim be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff's claims are barred by the doctrine of res judicata. The Court further finds that Plaintiff's complaint fails to state any cognizable claims. The Court finds that Plaintiff's complaint cannot be saved by any amendment.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2015**

UNITED STATES MAGISTRATE JUDGE

5